IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| State Farm Fire and Casualty Company, | ) | |
| | ) | C/A No. 8:14-2939-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Cheryl Sable, Sandra Taulbee, | ) | |
| Jerome Kent, and Lori Kent, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff State Farm Fire and Casualty Company ("State Farm") filed this action pursuant to 28 U.S.C. This matter is before the court on State Farm's Motion for Summary Judgment (ECF No. 12). Defendants Cheryl Sable and Sandra Taulbee filed a response consisting of one sentence: "In response to the Motion for Summary Judgment filed by Plaintiff, Defendant Cheryl Sable and Defendant Sandra Taulbee hereby stipulate that there is no available UIM coverage for the reasons stated in the Motion." (ECF No. 14). The remaining Defendants, Jerome and Lori Kent, have not filed any response, and the time to do has run.[1] The motion is now ripe for ruling.

**I. Standard of Review**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry

---

[1] The Kents were joined as parties "to the extent that they may assert some interest in a claim made against their policy of insurance." (Compl. at § 22).

of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

## II. Discussion

On May 8, 2010, Defendants Sable and Taulbee were occupants in a 2006 Pontiac Montana van owned by Jerome Kent when it was involved in a motor vehicle accident in Mt. Pleasant, South Carolina. This is an action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 that underinsured motorist ("UIM") coverage is unavailable to Sable and Taulbee in connection with the accident. In its motion for summary judgment, State Farm contends that there is no UIM coverage available to Sable and Taulbee in connection with the accident because UIM coverage was not requested or purchased. State Farm states that Jerome Kent opted not to purchase UIM coverage on his 2006 Pontiac Montana van from State Farm and offers Kent's affidavit as support. (ECF No. 12-2 at 2, Jerome Kent Aff.; and 12-2 at 3-6). Further, State Farm argues that there is no basis to reform the policy to include UIM coverage as it made a meaningful offer of UIM coverage under common law.

As noted above, Sable and Taulbee filed a response to State farm's Summary Judgment Motion consisting of one sentence: "In response to the Motion for Summary Judgment filed by Plaintiff, Defendant Cheryl Sable and Defendant Sandra Taulbee hereby stipulate that there is no available UIM coverage for the reasons stated in the Motion." (ECF No. 14). As such, the court finds that there is no genuine dispute as to any material fact with respect to State Farm's declaratory judgment, and that State Farm is entitled to summary judgment in its favor.

### III. Conclusion

Based on the foregoing, the court finds that there is no underinsured motorist coverage available to Defendants Sable and Taulbee in connection with the May 8, 2010 accident. Accordingly, the court grants State Farm's Motion for Summary Judgment (ECF No. 12).

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina  
December 4, 2014